IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| ERIC SCHROEDER, | ) | Civ. No. 12-00378 HG-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIAMOND PARKING, INC.; DIAMOND | ) | |
| PARKING SERVICES, LLC; STEPHEN | ) | |
| KOZLOWSKI; JOSH CURRAN; JEAN | ) | |
| REMIGIO; EDWARD KEMA; EDWARD | ) | |
| UNDERWOOD; WILLIAM AILA, JR.; | ) | |
| and DOES 5-99, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH PREJUDICE**

Plaintiff Eric Schroeder filed suit against Diamond Parking, Inc., various Diamond Parking, Inc. employees, and State of Hawaii Officials. Plaintiff alleges violations of his rights guaranteed by the First and Fourteenth Amendments to the United States Constitution, federal consumer protection laws, and Hawaii state laws. Plaintiff's claims concern Diamond Parking, Inc.'s operation of a parking concession at a state-owned boat harbor parking lot. (2d Am. Compl., Feb. 21, 2013, ECF No. 100.)

The Defendants move to dismiss the action in its entirety. (ECF Nos. 104, 105, and 125.)

1

Defendants' Motions to Dismiss (ECF Nos. 104, 105, and 125) are **GRANTED.** The action is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On July 2, 2012, Plaintiff Eric Schroeder filed a Complaint. (ECF No. 1.)

On August 6, 2012, Plaintiff filed a First Amended Complaint. (ECF No. 5.)

On August 21, 2012, Plaintiff filed a Motion for a Preliminary Injunction. (ECF No. 10.)

Between August 31, 2012 and September 20, 2012 all of the Defendants filed Motions to Dismiss the First Amended Complaint. (ECF Nos. 27, 36 and 37.)

On December 10, 2012, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 81.)

On December 17, 2012, a hearing was held on Plaintiff's Motion for Preliminary Injunction (ECF No. 10), and Defendants' Motions to Dismiss the First Amended Complaint (ECF Nos. 27, 36, and 37). Plaintiff's Motion for Preliminary Injunction was denied. The Defendants' Motions to Dismiss were denied without prejudice to refiling after Plaintiff's Motion for Leave to File a Second Amended Complaint was decided. (ECF No. 85.)

On January 29, 2013, the Court issued a written Order, providing the legal basis for the December 17, 2012 rulings, denying Plaintiff's Motion for Preliminary Injunction and Defendants' Motions to Dismiss. (ECF No. 96.)

On February 8, 2013, the Magistrate Judge approved the Parties' Stipulation for Leave to File an Amended Complaint. (ECF No. 98.)

On February 21, 2013, Plaintiff filed a Second Amended Complaint against Diamond Parking, Inc., Diamond Parking Services, LLC, Diamond Parking Vice-President Stephen J. Kozlowski, Diamond Parking Employees (Jean Remigio, Edward Kema, and Josh Curran), and State of Hawaii Officials (Edward Underwood, Administrator of the Division of Boating and Ocean Recreation, and William Aila, Jr., Chairman of the Board of Land and Natural Resources). (ECF No. 100.)

The Second Amended Complaint removed the following Defendants from the action: the City and County of Honolulu; State of Hawaii Officials Meghan Statts, Kenneth Chee, and Laura Thielen; and Diamond Parking employee Nicholas Beckman.

On March 11, 2013, Defendants Diamond Parking, Inc., Diamond Parking Services, LLC, and Diamond Parking Vice-President Kozlowski and Diamond Parking Employee Jean Remigio filed a pleading entitled "DIAMOND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)." (ECF No. 104.) Diamond Employees Edward Kema and Josh Curran were not yet served at the

time the Diamond Defendants' Motion to Dismiss was filed. (ECF Nos. 108 and 118.)

Diamond Employee Kema joined the Diamond Defendants' Motion to Dismiss on April 23, 2013. (ECF No. 115.)

Diamond Employee Curran filed an individual Motion to Dismiss, on May 24, 2013. (ECF No. 125.)

Also on March 11, 2013, State Official Defendants William Aila, Jr. and Edward Underwood filed a pleading entitled "STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CIVIL COMPLAINT FILED FEBRUARY 15, 2013, WITH PREJUDICE." (ECF No. 105.)

On April 11, 2013, Plaintiff filed a Consolidated Opposition to the Motions to Dismiss the Second Amended Complaint. (ECF No. 114.)

On April 25, 2013, the Defendants that had moved to dismiss (ECF Nos. 104 and 105) filed their Replies to Plaintiff's Consolidated Opposition. (ECF Nos. 116 and 117.)

On May 2, 2013, a hearing was held on the Motions to Dismiss the Second Amended Complaint (ECF Nos. 104 and 105). (ECF No. 120.)

On May 24, 2013, Diamond Employee Defendant Curran filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 125).

On May 30, 2013, the Court issued a Minute Order, setting forth a briefing schedule for Diamond Employee Curran's Motion, designating it a non-hearing motion, pursuant to Local Rule 7.2(d). The Court delayed ruling on the previously filed Motions to Dismiss

4

(ECF Nos. 104 and 105) in the interest of judicial economy, so that all three Motions could be addressed in one Order. (ECF No 126.)

On June 18, 2013, Plaintiff filed an Opposition to Diamond Employee Curran's Motion to Dismiss. (ECF No. 130.)

On July 3, 2013, Diamond Employee Curran filed a Reply. (ECF No. 132.)

On August 15, 2013, the Court issued a Minute Order, granting the three Motions to Dismiss (ECF Nos. 104, 105 and 125), with a written Order to follow. (ECF No. 134.)

## BACKGROUND

Plaintiff Eric Schroeder filed suit, alleging various claims related to Diamond Parking Inc.'s operation of a parking concession at the Ala Wai Small Boat Harbor ("Boat Harbor Parking Lot") in Honolulu, Hawaii, pursuant to a contract with the Hawaii Department of Land and Natural Resources.

The  Boat  Harbor Parking Lot, as public land, is managed, administered, and controlled by the Hawaii Department of Land and Natural Resources. The Department of Land and Natural Resources is headed by the State Board of Land and Natural Resources ("the Board"). Haw. Rev. Stat. § 171-3.

In 2008, the Department of Land and Natural Resources contracted with Diamond Parking to manage and operate a parking

5

concession at the Boat Harbor Parking Lot. (2d. Am. Comp. at ¶¶ 17-19.) The parking concession contract grants Diamond Parking authority to issue parking permits to tenants of the Ala Wai Small Boat Harbor and to collect parking fees in the Boat Harbor Parking Lot. Diamond Parking issues parking penalty notices to vehicles that fail to comply with the rules of the Boat Harbor Parking Lot. (Id.)

Plaintiff alleges that he wrongfully received parking penalty notices from Diamond Parking on July 2, 2010, January 1, 2011, and May 13, 2012. (2d Am. Compl. at ¶¶ 35-36, 41, 48.) Plaintiff paid twelve dollars in satisfaction of the May 2012 notice. He has not paid the two earlier notices. (2d Am. Compl. at ¶ 57.)

Plaintiff filed suit against Diamond Parking, Inc. and Diamond Parking Services, LLC (collectively "Diamond Parking");[1] Diamond Parking Vice-President Stephen J. Kozlowski; three Diamond Parking employees: Jean Remigio, Josh Curran, and Edward Kema; and two Hawaii State Officials: Edward Underwood and William Aila, Jr.

Diamond Parking Vice-President manages the parking concession at the Small Boat Harbor Parking Lot and communicated with Plaintiff about how to dispute a parking penalty notice. The Diamond Parking Employee Defendants are parking lot checkers who issued penalty notices to Plaintiff. The State Official Defendants are allegedly responsible for the State's contract with Diamond Parking. State

---

[1]     Diamond Parking Services, LLC is an alternative trade name for Diamond Parking, Inc.

6

Official Defendant William Aila, Jr. is the Chairman of the Board of Land and Natural Resources. (2d Am. Compl. at ¶ 9.) State Official Defendant Edward Underwood is the Administrator of the division of the Department of Land and Natural Resources that controls the Boat Harbor Parking Lot. (2d Am. Compl. at ¶ 10.)

Plaintiff's claims are based on Plaintiff's twelve-dollar parking penalty payment, his fear that he will suffer various consequences for failing to pay his outstanding parking penalty notices, and Diamond Parking's allegedly unlawful business practices.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted."  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id.  The Court need not accept as true

allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atlantic Corporation v. Twombly the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

In Ashcroft v. Iqbal the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 556 U.S. 662 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id. at 678 (quoting Twombly, 550 U.S. at 555).  A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The plausibility standard does not require probability, but it

8

requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)(internal quotations omitted).

## ANALYSIS

Plaintiff's Second Amended Complaint alleges the following causes of action:

- First Cause of Action: violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, alleged against Diamond Parking, Diamond Parking Vice-President Kozlowski, Diamond Parking Employee Kema, and State Official Defendants Aila and Underwood,

- Second Cause of Action: violation of the Takings Clause of the Fourteenth Amendment of the United States Constitution, alleged against Diamond Parking, Diamond Parking Employee Kema, and State Official Defendants Aila and Underwood,

- <u>Third Cause of Action</u>: retaliation in violation of the freedom of speech protect by the First Amendment of the United States Constitution, <u>alleged against</u> Diamond Parking Employee Kema,

- <u>Fourth Cause of Action</u>: violation of Hawaii state law for failing to register as a collection agency, pursuant to Haw. Rev. Stat. § 443B, <u>alleged against</u> Diamond Parking,

- <u>Fifth Cause of Action</u>: violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>alleged against</u> Diamond Parking,

- <u>Sixth Cause of Action</u>: unfair or deceptive business and trade practices, pursuant to Haw. Rev. Stat. Ch. 480, <u>alleged against</u> Diamond Parking, Diamond Parking Vice-President Kozlowski, Diamond Parking Employees Kema, Remigio, and Curran, and State Official Defendants Aila and Underwood,

- <u>Seventh Cause of Action</u>: voluntarily dismissed by Plaintiff,

- <u>Eight Cause of Action</u>: respondeat superior liability claim, <u>alleged against</u> Diamond Parking, Diamond Parking Vice-President Kozlowski, and State Official Defendants Aila and Underwood.

State Official Defendant Edward Underwood is sued solely in his individual capacity. The other Defendants (Diamond Parking, Diamond Parking Vice-President Stephen J. Kozlowski, Diamond Parking Employees: Jean Remigio, Edward Kema, and Josh Curran, and State Official Defendant William Aila, Jr.) are sued in their individual and official capacities. (2d Am. Compl. at ¶ 12.)

Plaintiff seeks damages from all Defendants and injunctive relief, enjoining Diamond Parking and State Official Defendant Aila from "illegal parking enforcement against Plaintiff" at the Boat Harbor Parking Lot.

Defendants move to dismiss the action in its entirety. (ECF Nos. 104, 105, and 125.)

## I. OFFICIAL CAPACITY CLAIMS AGAINST DIAMOND PARKING, DIAMOND PARKING VICE-PRESIDENT KOZLOWSKI, DIAMOND PARKING EMPLOYEES REMEGIO, KEMA, CURRAN, AND STATE OFFICIAL DEFENDANT AILA

Plaintiff alleges claims against Diamond Parking, the three Diamond Parking Employees, and State Official Aila, in their official, as well as individual, capacities. (2d Am. Compl. at ¶¶ 12, 14, ECF No. 100.) Plaintiff's official capacity claims are based on the contract between the Hawaii Department of Land and Natural Resources and Diamond Parking, which authorizes Diamond Parking to operate a parking concession at the Ala Wai Small Boat Harbor ("Boat Harbor Parking Lot"). Plaintiff asserts that Defendants acted on behalf of the State of Hawaii in committing the violations raised in the Second Amended Complaint. (2d Am. Compl. at ¶¶ 12, 19, ECF No. 100.)

Official capacity suits generally represent a way of pleading an action against a state or state agency of which the official is an agent. Hafer v. Melo, 502 U.S. 21, 25 (1991). The claim is treated as a claim against the state itself and subject to the immunities of the state, such as the Eleventh Amendment of the United States Constitution. Thomas v. Nakatani, 128 F. Supp. 2d 684, 695 (D. Haw. 2000) aff'd, 309 F.3d 1203 (9th Cir. 2002)(citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

The Eleventh Amendment of the United States Constitution bars

actions for money damages against state officials sued in their official capacity, unless sovereign immunity is waived or abrogated. Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). No such waiver or abrogation exists for Plaintiff's claims alleged against the Hawaii State Officials. Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1221 (D. Haw. 2001) aff'd, 85 F. App'x 631 (9th Cir. 2004)(Eleventh Amendment bars civil rights claims against a state); Pena v. Gardner, 976 F.2d 469, 473 (9th Cir. 1992)(Eleventh Amendment bars state law claims).

Official capacity actions for injunctive relief, however, may be permitted, pursuant to the doctrine established in Ex parte Young, 209 U.S. 123 (1908). The Ex Parte Young doctrine permits claims against a state official, which allege an ongoing violation of federal law and seek prospective injunctive relief. Verizon Md. Inc. V. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).

Plaintiff's official capacity claims fail. Plaintiff's official capacity claims for monetary relief are barred by the Eleventh Amendment. Plaintiff's official capacity claims for injunctive relief also fail, as Plaintiff does not allege an ongoing violation of federal law, as required by Ex Parte Young.

Plaintiff's official capacity claims against Diamond Parking; Diamond Parking Vice-President Kozlowski, Diamond Parking Employees Remigio, Kema, and Curran; and State Official Aila are **DISMISSED**.

**II.   THE FIRST, SECOND, AND THIRD CAUSES OF ACTION: FEDERAL CONSTITUTIONAL CLAIMS**

The First, Second and Third Causes of Action in the Second Amended Complaint allege violations of the United States Constitution against various combinations of Defendants. Plaintiff claims violations of the Due Process Clause Takings Clause of the Fourteenth Amendment. Plaintiff also alleges a claim for retaliation, in violation of the First Amendment's protection on the right to free speech.

**A.   Section 1983 Liability**

A plaintiff may challenge actions by government officials that allegedly violate the United States Constitution, pursuant to Section 1983 of Title 42 of the U.S. Code. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create any substantive rights. <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 978 (9th Cir. 2004).

A plaintiff must allege two elements to state a § 1983 claim: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a

person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.   Section 1983 Liability of Private Parties

Plaintiff's First, Second and Third Causes of Action allege § 1983 claims against private parties Diamond Parking and its employees.

A private party may only be sued under § 1983 if their conduct can be fairly attributed to the government. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 836 (9th Cir. 1999). A plaintiff must establish a nexus between the private party and the government greater than "government compulsion in the form of a generally applicable law." Id. at 841. A sufficient nexus for attributing liability to a private entity generally exists when the government participates in a private entity's action, "through conspiratorial agreement, official cooperation with the private entity to achieve the private entity's goal, or enforcement and ratification of the private entity's chosen action." Id. (citations omitted).

Plaintiff claims that his § 1983 claims are properly asserted against Diamond Parking and its employees, as the claims are based on Diamond Parking's contract with the State of Hawaii. (2d Am. Compl. at ¶ 12, ECF No. 100.)

14

The Court need not determine if Diamond Parking or its employees' activities may be imputed to the government for the purposes of § 1983 liability. Plaintiff's federal constitutional claims, alleged in the First, Second, and Third Causes of Action, must be dismissed for failure to state a claim. West, 487 U.S. at 48.

> ### 2. Qualified Immunity Bars the Section 1983 Claims Against State Official Defendants Aila and Underwood

Plaintiff's First and Second Causes of Action allege that State Official Defendants Aila and Underwood violated the Due Process Clause and Takings Clause of the Fourteenth Amendment of the United States Constitution.

Individual capacity suits seek to impose personal liability upon a government official for actions taken by that official under color of state law. Individual capacity claims generally seek monetary damages, payable from the official's personal finances. Verizon Md. Inc. V. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).

An official sued in his or her individual capacity may assert the defense of qualified immunity. The doctrine of qualified immunity shields public officials from personal liability when performing discretionary functions, unless their conduct violates a statutory or constitutional right that was clearly established at

the time of the challenged conduct. <u>Ashcroft v. al-Kidd</u>, 131 S.Ct. 2074, 2080 (2011). A constitutional right is clearly established when "every reasonable official would have understood that what he is doing violates that right." <u>Id.</u> at 2083.

The qualified immunity doctrine balances the need to hold public officials accountable and the need to shield them from liability when they act reasonably in performing their duties. <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009). It helps avoid disruption to the government by resolving frivolous complaints at an early stage of litigation. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

Plaintiff's allegations in support of his federal constitutional claims do not show that the State Official Defendants violated Plaintiffs' constitutional rights. State Official Defendants Aila and Underwood are entitled to qualified immunity on the federal claims asserted against them. The claims raised in the First and Second Causes of Action against State Official Defendants Aila and Underwood are barred by the doctrine of qualified immunity.

> **B. First Cause of Action: Due Process Clause of the Fourteenth Amendment of the United States Constitution**

Plaintiff's First Cause of Action claims that Diamond Parking, Diamond Parking Vice-President Kozlowski, Diamond Parking Employee Kema, and State Officials Aila and Underwood violated Plaintiff's

right to procedural and substantive due process protected by the Fourteenth Amendment of the United States Constitution.

### 1.   Procedural Due Process

Plaintiff received three parking penalty notices on his vehicle parked at the Boat Harbor Parking Lot. The notices were issued by Diamond Parking on July 2, 2010, January 1, 2011, and May 13, 2012. Plaintiff did not pay the first two notices. Plaintiff paid twelve dollars, in satisfaction of the 2012 parking penalty notice.

Plaintiff claims that his due process rights were violated because (1) he was not given a hearing to contest the $12 parking penalty notice, issued in May 2012, as required by the Hawaii Administrative Rules and Statutes, and (2) the parking penalty notices infringed on his "state created property interest" in his Boat Harbor Parking Permit. (2d. Am. Compl. at ¶¶ 54, 64-67, ECF No. 100; Opp. at pg. 11, ECF No. 114.)

The Fourteenth Amendment protects against the deprivation of property or liberty without due process. Carey v. Piphus, 435 U.S. 247, 259 (1978); Brady v. Gebbie, 859 F.2d 1543, 1547 (9th Cir.1988). A procedural due process claim requires a plaintiff to establish (1) a liberty or property interest protected by the United States Constitution, (2) a deprivation of that interest by the government, and (3) a lack of process. Portman v. County of santa Clara, 995 F.2d 898, 904 (9th Cir. 1994). If a deprivation of a constitutionally protected interest is established, courts employ

17

a three-part balancing test to determine what process is due. <u>Hewitt v. Grabicki</u>, 794 F.2d 1373, 1380 (9th Cir.1986). The three-part balancing test examines the private interest affected by the official action, the risk of an erroneous deprivation of such interest, and the Government's interest, including the burdens that alternative procedural requirement would entail. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 335 (1976).

### a.    Plaintiff is Not Entitled to Hearing to Contest Diamond Parking's Parking Penalty Notices

Plaintiff relies on Haw. Rev. Stat. Ch. 291D and § 200-14(b), in claiming that he is entitled to a hearing to contest the parking penalty notices issued by Diamond.

Section 200-14(b) sets forth the penalties for violations of boat harbor rules, including State traffic infractions. Such penalties may only be imposed in accordance with the procedural protections of Haw. Rev. Stat. Ch. 291D, which governs the adjudication of traffic infractions. The statute include the right to a hearing. Haw. Rev. Stat. § 291D-5.

Plaintiff's reliance on the procedural protections of Haw. Rev. Stat. Ch. 291D is misplaced. The penalty notices issued by Diamond Parking are not notices of State traffic infractions that may result in the deprivations set forth in Haw. Rev. Stat. Ch. 291D, and are not subject to its procedural protections. Diamond Parking's private parking notices do not indicate in any way that they are issued

18

pursuant to Hawaii's Traffic Laws. (2d Am. Compl., Exs. 11, 12, 14, Parking Penalty Notices, ECF No. 100). The notices clearly state that they are issued by Diamond Parking. The possible repercussions for nonpayment, according to the notice, are a late payment fee and the possibility that unpaid accounts will be referred to collection. The notices provide a means to appeal the monetary penalty in writing.

Plaintiff's receipt of Diamond Parking's parking penalty notices has never caused him to be threatened with the statutory penalties for State traffic infractions, such as criminal sanctions or revocation of his permits.

Plaintiff's mere receipt of the parking penalty notices issued by Diamond Parking, and voluntary payment of twelve dollars, does not entitle him to hearing. The denial of a hearing does not constitute a violation of the Due Process Clause of the United States Constitution.

### b.   The Parking Penalty Notices Did not Infringe on Plaintiff's Property

Plaintiff claims that his property interests in his boat harbor permits were infringed upon, in violation of his right to due process. Plaintiff also claims that his "coerced" payment of twelve dollars, in satisfaction of the third parking penalty notice, violated his due process rights.

A plaintiff alleging infringement of a right must show that he or she has suffered a "concrete and particularized" injury that is "actual or imminent" to have standing to bring a claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The injury cannot be "conjectural or hypothetical." Id. Property interests are created by "existing rules or understandings that stem from an independent source such as state law." Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998)(quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). A property interest requires more than an "abstract need or desire." Id.

Plaintiff alleges multiple consequences he believes will result from his failure to pay the first two parking penalty notices, including criminal charges, a $10,000 fine, and a loss of his permits for mooring, living aboard his vessel, and parking. (2d Am. Compl. at ¶¶ 66-77.) Plaintiff relies on Brown v. Thompson, 979 P.2d 586, 595-96 (Haw. 1999), for the proposition that he has been unconstitutionally deprived of his property interest in his mooring and live-aboard permits.

Plaintiff's vessel, contrary to the vessel in Brown, was not impounded. Defendants have not taken any of the actions or threatened to take any of the actions that Plaintiff fears. Such consequences do not actually flow from the issuance of Diamond Parking's parking penalty notices. The consequences listed by Defendant flow from State traffic infractions that do not apply here.

It is possible that Diamond Parking may have a right to refer the amount owed on the two unpaid parking penalty notices, issued in July 2010 and January 2011, to collection. Diamond Parking, however, has not taken any action with respect to collecting the money. Plaintiff's speculative injuries are not actual and imminent and do not constitute an infringement of a property interest. <u>Lujan</u>, 504 U.S. at 561.

Plaintiff's twelve-dollar payment, in satisfaction of the May 2012 parking penalty notice, also does not support a due process claim, even if the notice was wrongfully issued. Plaintiff, using a pseudonym, wrote an e-mail to Diamond Parking Vice-President Kozlowski on May 15, 2012, asking how to request a hearing or trial to contest the parking penalty notice. Kozlowski responded via e-mail the same day, stating that he would assist with any concerns about the parking penalty notice if Plaintiff provided more information. (2d Am. Compl. Ex. 15, E-mail Correspondence, May 15, 2012, ECF No. 100.) Plaintiff did not respond to Kozlowski's offer of assistance or otherwise contest the twelve-dollar fee. He voluntarily paid the twelve dollars. Plaintiff's unsubstantiated fears about possible consequences for failing to pay the penalty notice do not transform the voluntary payment into a deprivation of property.

Plaintiff fails to allege a deprivation of a property interest. Plaintiff is not entitled to the protections of procedural due process. <u>Multistar Industries, Inc. v. U.S. Dep't of Transp.</u>, 707

21

F.3d 1045, 1055-56 (9th Cir. 2013)("Any procedural due process analysis must be preceded by a showing that such a deprivation has occurred.")

Plaintiff's procedural due process claims are dismissed.

### 2.    Substantive Due Process

Plaintiff attempts to assert a substantive due process claim based on restrictions on his right to travel caused by Defendant's actions. (2d Am. Compl. at ¶ 56, ECF No. 100.)

The substantive component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects an individual's life, liberty, or property against certain government actions, regardless of the fairness of the procedures used to implement them. Collins v. City of Harker Heights, ex., 503 U.S. 115, 125 (1992). The substantive Due Process Clause protects only those fundamental rights and liberties that are "deeply rooted in this Nation's history and tradition." Washington v. Glucksberg, 521 U.S. 702, 720 (1997)(internal quotation omitted). Substantive due process protections have generally been applied to matters relating to marriage, family, procreation and the right to bodily integrity. Albright v. Oliver, 510 U.S. 266, 272 (1994). A substantive due process challenge to executive action may be maintained when the

government's action is so egregious, as to "shock the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

The right to travel, at least the right to interstate travel, has been given heightened protection as a fundamental right in certain contexts. Selevan v. New York Thruway Authority, 584 F.3d 82, 99 (2d Cir.2009); Peruta v. City of Hartford, No. 3:09-CV-1946 VLB, 2012 WL 3656366, at *7 (D. Conn. Aug. 24, 2012). Minor burdens on travel, however, such as the imposition of reasonable taxes or toll roads, do not constitute a violation of that right. Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999); Peruta, 2012 WL 3656366, at *7 (citing Evansville–Vanderburgh Airport Auth. Dist. v. Delta Airlines, Inc., 405 U.S. 707, 714 (1972)).

The Second Amended Complaint does not allege a deprivation of a fundamental right. Limitations on Plaintiff's ability to park does not interfere with any fundamental right to interstate travel.

Plaintiff also fails to allege conduct that "shocks the conscience." Plaintiff received parking penalty notices for violations of a parking scheme of which he was notified. Plaintiff claims the parking penalty notices were wrongfully issued because he possessed a parking permit, but there is no indication that Plaintiff contested the notices or otherwise notified Diamond Parking of their wrongful issuance. Plaintiff fails to state a substantive due process claim.

Plaintiff's First Cause of Action, alleging violations of the Due Process Clause of the Fourteenth Amendment against Diamond Parking, Diamond Parking Vice-President Kozlowski, Diamond Parking Employee Kema, and the State Official Defendants Aila and Underwood, is **DISMISSED**.

### C. Second Cause of Action: Takings Clause of the Fourteenth Amendment of the United States Constitution

Plaintiff alleges that, by paying the twelve-dollar parking penalty notice, Diamond Parking, Diamond Employee Kema, and the State Official Defendants violated the Takings Clause of the Fourteenth Amendment of the United States Constitution. (2d Am. Compl. at ¶¶ 68-70.)

The Takings Clause prohibits the government from taking private property for public use, "without just compensation." Ward v. Ryan, 623 F.3d 807, 810 (9th Cir.2010). The Takings Clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. Id. A taking may occur when (1) the government permanently invades or appropriates private property, (2) imposes regulations that completely deprive an owner of all economic benefit, and (3) where the economic impact of the regulation interfered with distinct investment-backed expectations. Lingle v.

24

<u>Chevron USA, Inc.</u>, 544. U.S. 528, 538-39 (2005).  The imposition of an obligation to pay money generally does not constitute a taking. <u>Commonwealth Edison Co. v. United States</u>, 271 F.3d 1327, 1339-40 (Fed. Cir. 2001); <u>United States v. Sperry Corp.</u>, 493 U.S. 52, 63, 110 S. Ct. 387, 395, 107 L. Ed. 2d 290 (1989)(reasonable user fees for government services are not a taking).

Plaintiff voluntarily paid a twelve-dollar parking penalty notice, which was issued for using the Boat Harbor Parking Lot without paying the parking fee. The obligation to pay the notice falls outside the category of activity covered by the Takings Clause. There is also no indication that Plaintiff was obligated to pay the notice. Plaintiff could have shown that he possessed a parking permit and that the notice was issued in error, as he claims.

Plaintiff's Second Cause of Action, alleging a violation of the Takings Clause against Diamond Parking, Diamond Parking Employee Kema, and the State Official Defendants, is **DISMISSED.**


**D.   Third Cause of Action: Retaliation in Violation of the First Amendment of the United States Constitution**

Plaintiff alleges that Diamond Parking Employee Kema retaliated against him for engaging in protected speech, in violation of the First Amendment of the United States Constitution. (2d Am. Compl. at ¶¶ 48-49, 71-74.)

A non-prisoner plaintiff's claim for retaliation based on the

exercise of First Amendment rights must allege: (1) the plaintiff engaged in expressive conduct that addressed a matter of public concern; (2) a government official took an adverse action against the plaintiff; and (3) the expressive conduct was a substantial or motivating factor for the adverse action taken by the government official. Alpha Energy Savers, Inc. v. Hansen, 381 F .3d 917, 923 (9th Cir.2004). The adverse action must "chill or silence a person of ordinary firmness from future First Amendment activities." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999)(internal quotation omitted).

Plaintiff claims that Diamond Employee Kema issued Plaintiff a twelve-dollar parking penalty notice in May 2012 in retaliation for his involvement in the Hawaii Federal District Court case of Carello v. Diamond Parking, Inc., No. 10-00734. The Carello case was brought against Diamond Parking for wrongful parking enforcement activities. Plaintiff claims that, at some point prior to the May 2012 parking penalty notice, Diamond Parking Employee Kema informed Plaintiff that he was considered a "problem in the harbor." Kema also allegedly "threatened" Plaintiff to stop creating problems, and reminded Plaintiff about his power to issue penalty notices. (2d Am. Compl. at ¶ 47, ECF No. 100.)

Plaintiff's conclusory allegations cannot support a First Amendment retaliation claim. It appears that Kema issued a parking penalty notice to Plaintiff's vehicle for failing to display a permit or pay for parking. There is no indication that Plaintiff was

specifically targeted for his involvement in the Carello case. The issuance of the parking penalty notice, which Plaintiff paid without contesting, does not establish a government action that would chill an ordinary person from engaging in First Amendment activity.

Plaintiff's Third Cause of Action, alleging the Diamond Parking Employee Kema retaliated against Plaintiff in violation of the First Amendment, is **DISMISSED.**

## II.   THE FOURTH AND FIFTH CAUSES OF ACTION: FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff claims, in the Fourth and Fifth Causes of Action, that Diamond Parking violated the Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. § 1692(e) and 1692(f). The Fourth Cause of Action alleges that Diamond Parking violated the FDCPA by operating as a collection agency without being licensed, pursuant to Haw. Rev. Stat. Ch. 443B. (2d Am. Compl. at ¶¶ 75-83.) The Fifth Cause of Action alleges that Diamond Parking violated the FDCPA by engaging in unfair debt collection. (2d Am. Compl. at ¶¶ 84-90.)

### A.   Fourth Cause of Action: Failure to Register as a Collection Agency

The Hawaii statute that requires the licensing of collection agencies defines a collection agency as one who "offers to undertake or holds oneself out as being able to undertake or does undertake to collect for another person claims or money due on accounts or

27

other form of indebtedness for a commission, fixed fee, or a portion of the sums so collected." Haw. Rev. Stat § 443B-1.

A private cause of action against a collection agency for failing to register under Haw Rev. Stat. 443B-3 requires a plaintiff to show that he or she is a consumer who was injured by an unfair or deceptive act or practice. <u>Flores v. The Rawlings Co., LLC</u>, 177 P.3d 341, 350 (Haw. 2008).

Plaintiff's allegations fail to establish an injury or any unfair or deceptive practice by Diamond Parking. Plaintiff's assertion that the parking penalty notices are state-issued citations that will subject him to Hawaii's statutory traffic infraction penalties is unfounded. The parking citations notified Plaintiff that he owed money for parking and provided him information with how to pay the fee or contest the fee. Plaintiff also does not allege a concrete injury arising from his receipt of the parking penalty notices.

Plaintiff's Fourth Cause of Action, alleged against Diamond Parking for failing to register as a collection agency, is **DISMISSED.**

### B.   **Fifth Cause of Action: Violation of the FDCPA**

The Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. § 1692, prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection

of a debt." 15 U.S.C. § 1692e. A debt collector is defined as "[a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[2] An entity that has the right to collect payment on a debt before it goes into default is not covered by the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii).

Diamond Parking's activities are not governed by the FDCPA. Diamond Parking's principal business is parking enforcement activities, and not collection of debts. See Alexander v. Omega Management, Inc., 67 F.Supp.2d 1052,1054-55 (D.Minn. 1999)(property management company was not a debt collector under the FDCPA because only a fraction of its responsibilities involve collection of past due accounts).

Diamond Parking is also exempted from the FDCPA as an entity that had the right to collect payment on a debt before it went into default. 15 U.S.C. § 1692a(6)(F)(iii); Franceschi v. Mautner-Glick Corp., 22 F.Supp.2d 250, 253 (S.D.N.Y. 1998)(company with the right to collect rent monthly on behalf of an apartment owner was exempted

---

[2]     The FDCPA's definition of a "debt collector" is narrower than the definition for a "collection agency" in Hawaii's licensing statute, Haw. Rev. Stat. Ch. 443B. The federal law only targets those who collects debts, as opposed to money due on accounts or other forms of indebtedness. Flores v. Rawlings Co., LLC, 177 P.3d 348 (Haw. 2008).

from the FDCPA). Diamond Parking was responsible for collecting money owed for parking and for the parking penalty notices before it became overdue.

Plaintiff cites the case of <u>Hansen v. Ticket Track, Inc.</u>, 280 F.Supp.2d 1196 (2003), to support his FDCPA claim. In <u>Hansen</u>, a plaintiff brought an FDCPA claim against a state-licensed debt collection agency, which had contracted with the owners of unmanned parking lots to collect owed parking fees. <u>Id.</u> at 1198.

Diamond Parking is acting pursuant to their concession contract from the actual parking lot owner, the State, and not a debt collector. Diamond Parking also has not attempted to collect a debt from Plaintiff, arising from his unpaid parking penalty notices. Diamond Parking's activities are not covered by the FDCPA.

The FDCPA claim further fails, as Diamond Parking did not employ an instrumentality of interstate commerce in issuing the parking penalty notices to Plaintiff. The notices were affixed to Plaintiff's vehicle.

Plaintiff, in his Opposition to Defendant Curran's Motion to Dismiss, alleges a Fair Debt Collection Practices Act claim against Defendant Curran. (Opp. at pg. 10-11, ECF No. 130.) Such a claim fails for the same reasons, even if it had been properly pled in the Second Amended Complaint.

Plaintiff's Fifth Cause of Action, alleging violations of the Fair Debt Collect Practices Act against Diamond Parking, is **DISMISSED.**

**III. THE SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION: HAWAII STATE LAW CLAIMS**

**A.    Qualified Privilege**

Hawaii law shields non-judicial government officials from liability for tortious acts by a "qualified or conditional privilege." <u>Towse v. State of Hawaii</u>, 647 P.2d 696, 702 (Haw. 1982). Non-judicial government officials are only liable for tortious acts that were motivated by malice. <u>Id.</u>  The Hawaii Supreme Court defines malice, for torts other than defamation, according to the Black's Law Dictionary definition: "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart." <u>Awakuni v. Awana</u>, 165 P.3d 1027, 1042 (Haw. 2007)(internal quotations omitted).

The Second Amended Complaint, interpreted as broadly as possible, does not allege that the State Official Defendants Aila

31

and Underwood acted with malice. State Official Defendants Aila and Underwood are entitled to qualified privilege on the state law claims alleged in the Sixth, Seventh, and Eighth Causes of Action.

## B.   Sixth Cause of Action: Unfair and Deceptive Practices

Plaintiff claims that all of the Defendants violated Haw. Rev. Stat. Ch. 480 by engaging in unlawful, unfair or deceptive trade practices. Plaintiff alleges that Defendants engaged in an unlawful collection scheme, by issuing Plaintiff three parking penalty notices, which resulted in his "coerced" twelve-dollar payment to satisfy the third penalty notice. (Opp. to Curran's Motion at pg. 5, ECF No. 130.). Plaintiff also alleges that Defendants committed unfair and deceptive practices by issuing non-uniform parking citations and fraudulent debt instruments, using misleading signage, and operating without a security guard licenses. (2d Am. Compl. at ¶¶ 91-93, ECF No. 100; Opp. to Curran's Motion at pg. 2, ECF No. 130.)

Hawaii's Unfair and Deceptive Acts and Practices Statute, Haw. Rev. Stat. Ch. 480, prohibits unfair methods of competition and unfair or deceptive acts or practices in conducting any trade or commerce. Haw. Rev. Stat. § 480-2(a). A claim for deceptive practices under Hawaii law requires a plaintiff to show: (1) a violation of Haw. Rev. Stat. Ch. 480; (2) injury to the plaintiff's business or property resulting from such violation; and (3) proof

of the amount of damages. Haw. Rev. Stat. § 480–13; _Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc._, 148 P.3d 1179, 1216 (Haw. 2006).

Plaintiff's conclusory allegations do not establish any unfair or deceptive practices. Plaintiff's assertion that the parking penalty notices are actually law enforcement citations is unfounded. The parking penalty notices informed Plaintiff that he owed money for parking and provided him information with how to pay the fee or contest the fee. The penalty notices did not cite criminal penalties, or otherwise claim to be issued by the State. (2d Am. Compl. Exs. 11, 12, and 14, ECF No. 100.)

Plaintiff's unfair and deceptive practice claim is also unsupported by Diamond Parking's alleged failure to obtain licenses to act as a security guard agency, and its employees' failure to obtain security guards licenses. Such licenses are not required, as Diamond Parking's parking enforcement activities do not fall within the statutory definition of security guards. Haw. Rev. Stat. § 463-7(a)(defining security guards as those who protect persons or property or prevent theft or unlawful taking of goods).

Plaintiff's unfair and deceptive practices claim also fails, as it does not allege an injury to Plaintiff's business or property. Plaintiff's vehicle has not been towed, nor has he been subject to criminal proceedings, or faced the revocation of his mooring permit. There is no support for Plaintiff's speculative fears or allegations

that Diamond Parking improperly mined his personal information. Plaintiff's voluntary payment of twelve-dollars and his fears about his property do not constitute an injury.

Plaintiff's Sixth Cause of Action, alleging violations of Haw. Rev. Stat. Ch. 480 against Diamond Parking; Diamond Parking Vice-President Kozlowski; Diamond Parking Employees Kema, Remigio, and Curran; and the State Official Defendants, is **DISMISSED.**

### C.   Seventh Cause of Action: Legal Duty

Plaintiff voluntarily dismissed the Seventh Cause of Action for breach of legal duty. (Opp. at pg. 17, ECF No. 114.)

### D.   Eighth Cause of Action: Respondeat Superior

Plaintiff's Eighth Cause of Action alleges a claim for respondeat superior liability against Diamond Parking, Diamond Parking Vice-President Kozlowski, and the State Official Defendants. Plaintiff does not specify the conduct for which he seeks to hold each Defendant vicariously liable. (2d Am. Compl. at ¶¶ 98-99.)

The theory of respondeat superior liability allows a plaintiff to hold an employer liable for the negligent acts of its employees that occur within the scope of their employment. Wong-Leong v. Hawaiian Indep. Refinery, Inc., 879 P.2d 538, 543 (Haw. 1994).

The Second Amended Complaint does not allege an underlying wrongful act or a breach of a legal duty by the Diamond Parking employees or any other individuals. There is no basis for seeking recovery under respondeat superior liability.

Plaintiff's Eighth Cause of Action, alleging respondeat superior liability against Diamond Parking, Diamond Parking Vice-President Kozlowski, and the State Official Defendants, is **DISMISSED.**

## III. DISMISSAL WITH PREJUDICE

Federal Rule of Civil Procedure 15(a) provides that a court should grant leave to amend a complaint "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). The liberal amendment policy provided in Rule 15(a) is based on the intended purpose of the Rule: facilitating decisions on the merits instead of on technicalities or pleadings. In re Morris, 383 F.3d 891, 894 (9th Cir. 2004).

A court may deny leave to amend a complaint, however, if a plaintiff could not possibly cure the deficiencies in the complaint by alleging "other facts consistent with the challenged pleading."

Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010), cert. denied, 132 S.Ct. 95 (Oct. 03 2011). A court may also deny leave to amend if it would be futile, such as when a claim will inevitably be defeated on summary judgment. Johnson v Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987).

The case has been pending for over a year. One week before the December 17, 2012 hearing on the Motions to Dismiss the First Amended Complaint, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 81.) The Proposed Second Amended Complaint appeared to eliminate some of Defendants' objections to the First Amended Complaint that were raised in the Motions to Dismiss. The Court denied the Motions to Dismiss the First Amended Complaint without prejudice to refiling once a decision was made on whether to grant Plaintiff leave to amend. The Parties filed a Stipulation to allow the amendment, which was approved by the Court on February 8, 2013. (ECF No. 98.)

Plaintiff has now filed three versions of the Complaint and proposed one other version. Each Complaint has asserted the same non-viable legal theories in an attempt to state a claim arising from Plaintiff's payment of a twelve-dollar parking penalty. Allowing further amendment would be futile.

The causes of action in the Second Amended Complaint (ECF No. 100) against Diamond Parking, Diamond Parking Vice-President Kozlowski, Diamond Parking Employees Kema, Remigio, and Curran, and

36

the State Official Defendants Aila and Underwood are **DISMISSED WITH PREJUDICE.**

## IV.  ATTORNEYS' FEES

Diamond Parking, Diamond Parking Vice-President Kozlowski, and Diamond Parking Employees Remigio and Kema seek a written finding of frivolousness and an award of attorneys' fees, pursuant to Haw. Rev. Stat. § 607-14.5. (Diamond Defendants' Motion to Dismiss at pgs. 24-25, ECF No. 104; Diamond Defendants' Reply at pg. 14, ECF No. 117.)

Hawaii law provides for an award of attorneys' fees for frivolous claims, pursuant to Haw. Rev. Stat. § 607-14.5, as follows:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).

> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action . . . .

Haw. Rev. Stat. § 607-14.5

A claim is frivolous and justifies an award of attorneys' fees

if it is "so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part, such that argument to the court was not required." Holi v. AIG Hawaii Ins. Co., Inc., 150 P.3d 845, 856 (Haw.Ct.App. 2007)(quoting Coll v. McCarthy, 804 P.2d 881, 887 (1991)).

Plaintiff's claims in the Second Amended Complaint are farfetched and fail to cure many of the deficiencies identified in the Order Denying Plaintiff's Motion for Preliminary Injunction (ECF No. 96). Plaintiff's Second Amended Complaint, however, excludes several causes of action, which Plaintiff determined were not viable upon review of the Motions to Dismiss the First Amended Complaint. Plaintiff also withdrew a non-viable cause of action in his Consolidated Opposition to Defendants' Motions to Dismiss the Second Amended Complaint.

Plaintiff's pro se status and willingness to withdraw claims he believed were not viable weigh against a finding of bad faith. Holi, 150 P.3d at 856.

The request for a written finding of Plaintiff's frivolousness and an award of attorneys fees, pursuant to Haw. Rev. Stat. § 607-14.5 (ECF No. 104) is **DENIED.**

<u>**CONCLUSION**</u>

Diamond Parking, Inc., Diamond Parking Services, LLC, Stephen Kozlowski, and Jean Remigio, and Edward Kema's Motion to Dismiss the Second Amended Complaint (ECF No. 104) is **GRANTED.**

State Official Defendants Edward Underwood and William Aila, Jr.'s Motion to Dismiss the Second Amended Complaint (ECF No. 105) is **GRANTED.**

Defendant Josh Curran's Motion to Dismiss the Second Amend Complaint (ECF No. 125) is **GRANTED.**

The action is **DISMISSED WITH PREJUDICE.**

Diamond Parking, Inc., Diamond Parking Services, LLC, Stephen Kozlowski, and Jean Remigio, and Edward Kema's request for attorneys' fees (ECF No. 104) is **DENIED.**


Dated: September 17, 2013, Honolulu, Hawaii.




　　　　　　　　　　　　　　　　　　　　/S/ Helen Gillmor
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Helen Gillmor
　　　　　　　　　　　　　　　　　　　United States District Judge


Eric Schroeder v. Diamond Parking, Inc.; Diamond Parking Services, LLC; Stephen Kozlowski; Josh Curran; Jean Remigio; Edward Kema; Edward Underwood; William Aila, Jr.; DOES 5-99; Civil No. 12-00378 HG-KSC; **ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH PREJUDICE**